JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Colur World, LLC

## DEFENDANTS

GP Craft, Inc.

**(b)** County of Residence of First Listed Plaintiff  Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Orange County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Timothy D. Pecsenye, Blank Rome LLP, One Logan Square, Philadelphia, PA 19103, 215-569-5619

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1114; 15 USC 1125(a)

Brief description of cause:
trademark infringement, false designation of origin, unfair competition, and deceptive acts and practices

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
April 11, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Timothy D. Pecsenye

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____Colur World, LLC   800 Primos Ave., Folcroft, PA 19032_____

Address of Defendant: _____GP Craft, Inc.   2308 S. Fairview St., Santa Ana, CA 92704_____

Place of Accident, Incident or Transaction: _____Pennsylvania_____

---

**RELATED CASE IF ANY:**

Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year     Yes ☐   No ☒
previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit
Pending or within one year previously terminated action in this court?     Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier
Numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☒

4. Is this a second or successive habeas corpus, social security appeal, or pro se case filed
by the same individual?     Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE:   April 11, 2024     _____      51339

                *Attorney-at-Law* <span style="color:red">*(Must sign above)*</span>         *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

*A.*   *Federal Question Cases:*                      *B.*   *Diversity Jurisdiction Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)     ☐ 1. Insurance Contract and Other Contracts
☐ 2. FELA     ☐ 2. Airplane Personal Injury
☐ 3. Jones Act-Personal Injury     ☐ 3. Assault, Defamation
☐ 4. Antitrust     ☐ 4. Marine Personal Injury
☐ 5. Wage and Hour Class Action/Collective Action     ☐ 5. Motor Vehicle Personal Injury
☐ 6. Patent     ☐ 6. Other Personal Injury *(Please specify)*:_____
☒ 7. Copyright/Trademark     ☐ 7. Products Liability
☐ 8. Employment     ☐ 8. All Other Diversity Cases: *(Please specify)*_____
☐ 9. Labor-Management Relations             _____
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify)*:_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, __Timothy D. Pecsenye_____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒   Relief other than monetary damages is sought.

DATE: __April 11, 2024_____     _____      51339

          *Attorney-at-Law* <span style="color:red">*(Sign here if applicable)*</span>         *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

COLUR WORLD, LLC,

*Plaintiff*,

vs.

GP CRAFT, INC.,

*Defendant*.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Colur World, LLC ("Plaintiff" or "Colur World"), by and through its undersigned counsel, Blank Rome LLP, hereby files this Complaint against Defendant GP Craft, Inc. ("GP Craft" or "Defendant"), and avers the following:

## THE PARTIES

1.      Plaintiff Colur World, LLC is a Delaware company having a principal place of business at 800 Primos Ave., Folcroft, PA 19032.

2.      Upon information and belief, Defendant GP Craft, Inc. is a California corporation having a principal place of business at 2308 S. Fairview St., Santa Ana, CA 92704.

## JURISDICTION AND VENUE

3.      This is an action for trademark infringement and unfair competition in violation of the laws of the United States and the Commonwealth of Pennsylvania. Plaintiff seeks an injunction and an award of profits, damages, and related relief.

4.      This Court has exclusive subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the action presents a federal question under the Lanham Act,

15 U.S.C. §§ 1114 and 1125(a), and particularly under the basis of 28 U.S.C. § 1338 (jurisdiction over civil actions arising under the Trademark Act and supplemental claims of unfair competition).

5.      This Court has supplemental jurisdiction over the claims brought under state statutory law and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367. This Court may assume jurisdiction over all state law claims, as all federal and state claims are based on the same nucleus of operative facts. Judicial economy, convenience, and fairness to the parties will result in such assumption of jurisdiction.

6.      This Court has personal jurisdiction over Defendant because Defendant, *inter alia*, transacts business in the Commonwealth of Pennsylvania and within this District, engages in a persistent course of conduct in the Commonwealth of Pennsylvania and within this District, and expects, or should reasonably expect, its acts to have legal consequences in the Commonwealth of Pennsylvania as a result of acts directed towards the state.

7.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant conducts, or has regularly conducted, business in this District, including advertising and selling its products to Pennsylvania residents through the Internet and physically delivering such goods into this District. As such, Defendant expects, or should reasonably expect, its acts to have legal consequences in this District.

## FACTUAL BACKGROUND

### Plaintiff's Business and Trademarks

8.      Colur World is the exclusive owner of all right, title and interest in and to a trademark consisting of the color pink (the "COLOR PINK Mark"), as well as the word mark PINK NITRILE (the "PINK NITRILE Mark"), for use with "gloves for medical and dental use,

999998.04487/135088802v.2

made of nitrile" (the "Goods"). The COLOR PINK Mark and the PINK NITRILE Mark may be referred to herein collectively as the "PINK Marks".

9.      Colur World is the owner of the following United States trademark registrations:

- U.S. Registration No. 3,172,669 for the COLOR PINK Mark (  );

- U.S. Registration No. 4,527,774 for the PINK NITRILE Mark;

- U.S. Registration No. 3,170,261 for the PINK NITRILE Mark.

See **Exhibit A** attached hereto for true and correct copies of the Registration Certificates for each of the above-referenced PINK Marks from the United States Patent and Trademark Office's ("USPTO") Trademark Status and Document Retrieval system.

10.      The PINK Marks are valid and subsisting.

11.      Colur Word, on its own and through its numerous licensees and related companies, has made continuous and exclusive use of its distinctive PINK Marks in the marketing and sale of the Goods throughout the United States since at least as early as 2005.

12.      Since 2007, Colur World has licensed the right to use the PINK Marks to the world's largest and most prominent manufacturers and distributors of gloves in the medical and dental fields. Colur World's licensees jointly own 60% of the market share in the medical and dental gloves industry.

13.      Colur World generates millions of dollars annually in connection with the PINK Marks.

14.      Colur World and its licensees have spent a substantial amount of time, energy and resources marketing, promoting, advertising and selling products under the PINK Marks.

999998.04487/135088802v.2

15.     As a result of this longstanding, exclusive and continuous marketing, promotion, advertisement and sale of products under the PINK Marks, and adherence to high standards of quality control, the PINK Marks have met with extraordinary public and trade acceptance and have acquired substantial goodwill and trademark distinctiveness in the minds of the relevant trade and public as an indicator of a single source for the Goods sold under the PINK Marks.

16.     Each package of nitrile gloves sold by licensees that display the PINK Marks, at a minimum, display the "®" notice symbol in connection with the PINK NITRILE Mark and each package provides written notice informing purchasers that "The COLOR PINK is a Registered Trademark of Colur World, LLC", thereby putting the public on actual and constructive notice of Colur World's rights in and to the registrations of the PINK Marks.

17.     As a result of its longstanding and continuous marketing, promotion, advertisement, and sale of products under the PINK Marks, the relevant trade and the public have come to immediately associate the PINK Marks with Colur World and to expect goods bearing the PINK Marks to have a connection or association with Colur World.

18.     Colur World has vigilantly policed and enforced its rights so as to prevent any unauthorized use of the PINK Marks. For example, Colur World has filed separate infringement actions in Federal Court, which have ended favorably for Colur World and the Defendants taking licenses to the PINK Marks. Colur World has also enforced its rights by sending cease and desist letters to known infringers and filing oppositions and cancellations with the USPTO against infringing trademark applications and registrations.

**Defendant's Infringing Conduct**

19.     Upon information and belief, Defendant is a worldwide provider of gloves for medical use made of nitrile, among other products. *See* https://gpgloves.com/pages/about-us.

20.     Notwithstanding Colur World's prior and well-established common law and federal statutory rights in the PINK Marks, and with at least constructive notice and/or actual notice, Defendant has adopted and used the PINK Marks on nitrile medical and dental gloves, as well as its related marketing and promotion of such goods in United States commerce.

21.     Defendant unlawfully uses an imitation or confusingly similar iteration of the PINK Marks (the "Infringing Marks") directly on its packaging for its nitrile examination gloves, which it sells, offers for sale, produces, and distributes without the prior authorization of Colur World (the "Infringing Products").

22.     Samples of the Infringing Products bearing the COLOR PINK Mark are reproduced below:



*See, e.g.,* https://gpgloves.com/products/gp-craft-pink-nitrile-gloves-4mil.

5

23.    Defendant unlawfully markets, offers for sale, and sells the Infringing Product through its own website using the Infringing Marks. In fact, over half of the nitrile glove products that Defendant offers for sale on its website are Infringing Products, presented to consumers with the unauthorized and unlawful use of the COLOR PINK Mark, as depicted below:



*See* https://gpgloves.com/pages/nitrile-gloves-1.

24.    Defendant's use of the PINK Marks, and specifically the COLOR PINK Mark, is clearly intended to trade on the goodwill of Colur World.

999998.04487/135088802v.2

25.     Colur World never consented to Defendant's use of the PINK Marks.

26.     Defendant targets the same consumers, or substantially the same consumers, as Colur World, namely medical and dental entities. Defendant also sells the Infringing Product at a comparable price to that of Colur World's Goods.

27.     Defendant's unlawful adoption and use of the PINK Marks violates Colur World's rights in the PINK Marks and is likely to cause confusion, mistake, or deception as to the source, association, affiliation or sponsorship of the Infringing Product. Ordinary consumers will mistakenly believe that Defendant's goods are manufactured, distributed, owned, sponsored, or approved by Colur World.

28.     Defendant's use of the PINK Marks wrongfully implies an affiliation between Colur World and Defendant, or sponsorship by Colur World of Defendant's goods. Colur World sent a cease-and-desist letter, dated March 12, 2024, to Defendant placing Defendant on actual notice of its infringement of Colur World's intellectual property rights and instructing Defendant to cease and desist immediately from any further use or plans to use the Infringing Product and the PINK Marks. A true and correct copy of the same is attached hereto as **Exhibit B.**

29.     Despite the notice, Defendant continues to willfully use the PINK Marks without Colur World's authorization and with the intent to infringe on Colur World's rights.

30.     Defendant's conduct was and is designed to trade upon the valuable goodwill and business reputation associated with the PINK Marks.

31.     Colur World has been, is now, and will continue to be irreparably injured by Defendant, unless enjoined by this Court.

999998.04487/135088802v.2

## COUNT I
### Infringement of Federally Registered Marks
### Under Federal Law - Lanham Act, 15 U.S.C. § 1114

32. All foregoing and following allegations are incorporated herein by reference as though fully set forth herein.

33. Plaintiff is the owner of federal trademark Registrations for the PINK Marks set forth in this Complaint, and enjoys the exclusive rights to use or license the use of those marks nationwide.

34. By virtue of its federal trademark registrations, Plaintiff enjoys constructive notice against the infringement of all individuals or businesses that use the PINK Marks, or confusingly similar iterations thereof.

35. Defendant, with knowledge of Plaintiff's exclusive rights in and to the PINK Marks and the intent to trade on the goodwill and reputation of Plaintiff in the marketplace, has adopted and used their Infringing Marks with the purpose of confusing the trade and the public as to the origin of Infringing Products.

36. Defendant's unlawful activities are likely to and, upon information and belief, have already had the result of causing confusion and mistake in the trade and with the purchasing public.

37. Plaintiff has demanded Defendant to cease infringement of the PINK Marks, but Defendant has failed to cease and desist.  The infringement by Defendant has been deliberate, knowing, and willful.

38. Defendant's use of the Infringing Marks in connection with such Infringing Products constitutes infringement of Plaintiff's federally registered trademarks, in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

999998.04487/135088802v.2

39.     Defendant's use of the the Infringing Marks is likely to cause consumer confusion to the detriment of Plaintiff as it is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of Defendant's business in that consumers and others are likely to believe that Defendant's Infringing Products are legitimately connected with or approved by Plaintiff in violation of federal law.

40.     Plaintiff is informed and believes, and based thereon alleges that, unless restrained and enjoined by this Court, Defendant will continue to use the Infringing Mark in connection with the advertisement, promotion, offer for sale, and sale of similar Infringing Products, thus infringing Plaintiff's trademark rights, and causing a likelihood of confusion, deception, and mistake among the trade and the consuming public as to the source of the Infringing Products sold by Defendant.

41.     By reason of this unauthorized use of Infringing Marks, which are identical or confusingly similar to Plaintiff's PINK Marks, Defendant has unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

42.     Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief and any other relief authorized by law.

43.     Defendant's actions are unlawful and have damaged Plaintiff in an amount not yet calculated, and Plaintiff is entitled to recovery of those damages. 15 U.S.C. § 1117.

44.     Defendant's unlawful actions have been deliberate, knowing and willful, making this case exceptional under 15 U.S.C. § 1117.

999998.04487/135088802v.2

**COUNT II**
**Unfair Competition**
**Under Federal Law - Lanham Act, 15 U.S.C. § 1125(a)**

45.     All foregoing and following allegations are incorporated herein by reference as though fully set forth herein.

46.     Defendant, with knowledge of Plaintiff's exclusive rights in and to the PINK Marks and the intent to trade on the goodwill and reputation of Plaintiff in the marketplace, has adopted and used their Infringing Marks with the purpose of confusing the trade and the public as to the origin of Infringing Products.

47.     Defendant's use of the Infringing Marks constitutes unfair competition, including a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact that Defendant's Infringing Products originate with, are sponsored by, or are approved by Plaintiff, or that Defendant and its Infringing Products are affiliated with, connected to, or associated with Plaintiff.

48.     Defendant's use of the Infringing Marks has caused and will cause customers and potential customers to mistakenly attribute the reputation of Plaintiff's Goods those of the Defendant.

49.     Plaintiff has no control over the quality of the Infringing Products that are provided, promoted, advertised, and sold by Defendant, with the result that Plaintiff's valuable reputation and goodwill with respect to its PINK Marks will be irreparably injured by the acts of Defendant complained of herein.

50.     Plaintiff is informed and believes, and based thereon alleges that, unless restrained and enjoined by this Court, Defendant will continue to use the Infringing Mark in connection with the advertisement, promotion, offer for sale, and sale of similar Infringing Products, thus infringing

Plaintiff's trademark rights, and causing a likelihood of confusion, deception, and mistake among the trade and the consuming public as to the source of the Infringing Products sold by Defendant.

51.     By reason of this unauthorized use of Infringing Marks, which are identical or confusingly similar to Plaintiff's PINK Marks, Defendant has unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

52.     Defendant's unlawful conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer irreparable damage, in an amount not yet calculated.

54.     Plaintiff has no adequate remedy at law and, therefore, is entitled to preliminary and permanent injunctive relief.

55.     Defendant's actions are unlawful and have damaged Plaintiff in an amount not yet calculated, and Plaintiff is entitled to recovery of those damages. 15 U.S.C. § 1117.

56.     Defendant's unlawful actions have been deliberate, knowing, and willful, making this case exceptional under 15 U.S.C. § 1117.

**<u>COUNT III</u>**
**Trademark Infringement**
**Under Pennsylvania Law - 54 Pa.C.S.A. § 1123**

57.     All foregoing and following allegations are incorporated herein by reference as though fully set forth herein.

58.     Plaintiff is the owner of federal trademark Registrations for the PINK Marks set forth in this Complaint, and enjoys the exclusive rights to use or license the use of those marks nationwide.

59.     By virtue of its federal trademark registrations, Plaintiff enjoys constructive notice against the infringement of all individuals or businesses that use the PINK Marks, or confusingly similar iterations thereof.

60.     Defendant, with knowledge of Plaintiff's exclusive rights in and to the PINK Marks and the intent to trade on the goodwill and reputation of Plaintiff in the marketplace, has adopted and used their Infringing Marks with the purpose of confusing the trade and the public as to the origin of Infringing Products.

61.     Defendant's unlawful activities are likely to and, upon information and belief, have already had the result of causing confusion and mistake in the trade and with the purchasing public.

62.     Plaintiff has demanded Defendant to cease infringement of the PINK Marks, but Defendant has failed to cease and desist.  The infringement by Defendant has been deliberate, knowing, and willful.

63.     Defendant's use of the Infringing Marks in connection with such Infringing Products constitutes infringement of Plaintiff's federally registered trademarks, in violation of 54 Pa.C.S.A. § 1123.

64.     Defendant's use of the the Infringing Marks is likely to cause consumer confusion to the detriment of Plaintiff as it is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of Defendant's business in that consumers and others are likely to believe that Defendant's Infringing Products are legitimately connected with or approved by Plaintiff in violation of Pennsylvania law.

65.     Plaintiff is informed and believes, and based thereon alleges that, unless restrained and enjoined by this Court, Defendant will continue to use the Infringing Mark in connection with the advertisement, promotion, offer for sale, and sale of similar Infringing Products, thus infringing Plaintiff's trademark rights, and causing a likelihood of confusion, deception, and mistake among the trade and the consuming public as to the source of the Infringing Products sold by Defendant.

66.     By reason of this unauthorized use of Infringing Marks, which are identical or confusingly similar to Plaintiff's PINK Marks, Defendant has unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

67.     Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief and any other relief authorized by law. 54 Pa.C.S.A. § 1125.

68.     Defendant's actions were committed in deliberate, knowing, willful and wanton disregard of Plaintiff's rights in the PINK Marks, thereby entitling Plaintiff to an award of punitive damages.

## <u>COUNT IV</u>
### Injury to Business or Reputation and Dilution of Trademarks
### Under Pennsylvania Law - 54 Pa.C.S.A. § 1124

69.     All foregoing and following allegations are incorporated herein by reference as though fully set forth herein.

70.     Defendant, with knowledge of Plaintiff's exclusive rights in and to the PINK Marks and the intent to trade on the goodwill and reputation of Plaintiff in the marketplace, has adopted and used their Infringing Marks with the purpose of confusing the trade and the public as to the origin of Infringing Products.

999998.04487/135088802v.2

71.     Defendant's use of the Infringing Marks constitutes unfair competition, including a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact that Defendant's Infringing Products originate with, are sponsored by, or are approved by Plaintiff, or that Defendant and its Infringing Products are affiliated with, connected to, or associated with Plaintiff.

72.     Defendant's use of the Infringing Marks has caused and will cause customers and potential customers to mistakenly attribute the reputation of Plaintiff's Goods those of the Defendant.

73.     Plaintiff has no control over the quality of the Infringing Products that are provided, promoted, advertised, and sold by Defendant, with the result that Plaintiff's valuable reputation and goodwill with respect to its PINK Marks will be irreparably injured by the acts of Defendant complained of herein.

74.     Plaintiff is informed and believes, and based thereon alleges that, unless restrained and enjoined by this Court, Defendant will continue to use the Infringing Mark in connection with the advertisement, promotion, offer for sale, and sale of similar Infringing Products, thus infringing Plaintiff's trademark rights, and causing a likelihood of confusion, deception, and mistake among the trade and the consuming public as to the source of the Infringing Products sold by Defendant.

75.     By reason of this unauthorized use of Infringing Marks, which are identical or confusingly similar to Plaintiff's PINK Marks, Defendant has unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing acts, and Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

76.     Defendant's unlawful conduct constitutes a violation of 54 Pa.C.S.A. § 1124.

999998.04487/135088802v.2

77.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer irreparable damage, in an amount not yet calculated.

78.     Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief and any other relief authorized by law. 54 Pa.C.S.A. § 1125.

79.     Defendant's actions were committed in deliberate, knowing, willful and wanton disregard of Plaintiff's in the PINK Marks, thereby entitling Plaintiff to an award of punitive damages.

## COUNT V
**Trademark Infringement**
**Under Pennsylvania Common Law**

80.     All foregoing and following allegations are incorporated herein by reference as though fully set forth herein.

81.     Plaintiff is the owner of federal trademark Registrations for the PINK Marks set forth in this Complaint, and therefore Plaintiff owns all common law rights to the PINK Marks nationwide.

82.     Defendant, with knowledge of Plaintiff's exclusive rights in and to the PINK Marks and the intent to trade on the goodwill and reputation of Plaintiff in the marketplace, has adopted and used their Infringing Marks with the purpose of confusing the trade and the public as to the origin of Infringing Products.

83.     Defendant's unlawful activities are likely to and, upon information and belief, have already had the result of causing confusion and mistake in the trade and with the purchasing public.

84.     Plaintiff has demanded Defendant to cease infringement of the PINK Marks, but Defendant has failed to cease and desist.  The infringement by Defendant has been deliberate, knowing, and willful.

15

85.     Defendant's use of the the Infringing Marks is likely to cause consumer confusion to the detriment of Plaintiff as it is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the sponsorship, affiliation, or source of Defendant's business in that consumers and others are likely to believe that Defendant's Infringing Products are legitimately connected with or approved by Plaintiff in violation of Pennsylvania law.

86.     Plaintiff is informed and believes, and based thereon alleges that, unless restrained and enjoined by this Court, Defendant will continue to use the Infringing Mark in connection with the advertisement, promotion, offer for sale, and sale of similar Infringing Products, thus infringing Plaintiff's trademark rights, and causing a likelihood of confusion, deception, and mistake among the trade and the consuming public as to the source of the Infringing Products sold by Defendant.

87.     As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer irreparable damage, in an amount not yet calculated.

88.     Plaintiff has no adequate remedy at law and, therefore, is entitled to preliminary and permanent injunctive relief.

89.     Defendant's actions were committed in deliberate, knowing, willful and wanton disregard of Plaintiff's rights in the PINK Marks, thereby entitling Plaintiff to an award of punitive damages.

## COUNT VI
### Unfair Competition
### Under Pennsylvania Common Law

90.     All foregoing and following allegations are incorporated herein by reference as though fully set forth herein.

91.     Defendant, with knowledge of Plaintiff's exclusive rights in and to the PINK Marks and the intent to trade on the goodwill and reputation of Plaintiff in the marketplace, has adopted

999998.04487/135088802v.2

and used their Infringing Marks with the purpose of confusing the trade and the public as to the origin of Infringing Products.

92.     Defendant's use of the Infringing Marks constitutes unfair competition, including a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact that Defendant's Infringing Products originate with, are sponsored by, or are approved by Plaintiff, or that Defendant and its Infringing Products are affiliated with, connected to, or associated with Plaintiff.

93.     Defendant's use of the Infringing Marks has caused and will cause customers and potential customers to mistakenly attribute the reputation of Plaintiff's Goods those of the Defendant.

94.     Plaintiff has no control over the quality of the Infringing Products that are provided, promoted, advertised, and sold by Defendant, with the result that Plaintiff's valuable reputation and goodwill with respect to its PINK Marks will be irreparably injured by the acts of Defendant complained of herein.

95.     Plaintiff is informed and believes, and based thereon alleges that, unless restrained and enjoined by this Court, Defendant will continue to use the Infringing Mark in connection with the advertisement, promotion, offer for sale, and sale of similar Infringing Products, thus infringing Plaintiff's trademark rights, and causing a likelihood of confusion, deception, and mistake among the trade and the consuming public as to the source of the Infringing Products sold by Defendant.

96.     By reason of this unauthorized use of Infringing Marks, which are identical or confusingly similar to Plaintiff's PINK Marks, Defendant has unlawfully and wrongfully derived, and will continue to unlawfully and wrongfully derive, income and profits from these infringing

acts, and Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

97.     Defendant's unlawful conduct constitutes a violation of Pennsylvania common law.

98.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer irreparable damage, in an amount not yet calculated.

99.     Plaintiff has no adequate remedy at law and, therefore, is entitled to preliminary and permanent injunctive relief.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that:

1.     That Defendant, its agents, officers, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, be enjoined preliminarily and permanently by Order of this Court from doing, abiding, causing or abetting any of the following:

(a)     directly or indirectly infringing Plaintiff's PINK Marks;

(b)     from passing off, inducing or enabling others to sell or pass off, any of Defendant's goods or services as originating from Plaintiff, or sponsored, approved, or authorized by Plaintiff;

(c)     directly or indirectly engaging in any acts or activities calculated to trade upon Plaintiff's PINK Marks, and/or the reputation or good will of Plaintiff, or in any manner to compete with Plaintiff unfairly;

(d)     using Plaintiff's PINK Marks or the Infringing Marks, or using any mark confusingly similar to the PINK Marks, alone or in combination with other words as a trademark, services mark, domain name, or trade name to identify, market, distribute, advertise, promote, offer for sale, or provide any goods or services;

(e)     from otherwise infringing the PINK Marks; and,

999998.04487/135088802v.2

(f)      from otherwise competing unfairly with Plaintiff in any manner whatsoever;

2.       That Defendant be required to remove the PINK Marks and any mark confusingly similar to the foregoing from Defendant's products, website(s), all social media hubs, social media handles, HTML code, search engine query terms, e-mail addresses, and any other electronic communications hosts, links, and devices;

3.       That an accounting be ordered to determine the profits realized by Defendant due to the unauthorized use of Plaintiff's PINK Marks and the Infringing Mark;

4.       That Defendant be directed to file with this Court and to serve on Plaintiff, within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with this injunction;

5.       That Defendant be required to modify its packaging, labeling, promotional materials, apparel, advertisements, signage, and other communications to the public in the possession or under its control bearing thereon any material or representations to remove the Infringing Mark;

6.       That Defendant take all necessary and appropriate steps to recall for destruction all advertising and other materials, including but not limited to signage, advertising and promotion bearing the PINK Marks, the Infringing Marks or any colorable imitation of Plaintiff's PINK Marks and that Defendant be required to remove such PINK Marks and Infringing Marks from its signage, promotional materials, advertisements and other writings;

7.       That Plaintiff be awarded its actual damages and/or a disgorgement of Defendant's profits, arising from Defendant's infringements in an amount to be determined at trial, to be increased to the maximum permitted by law, for its acts of willful infringement;

8.      That judgment be entered in favor of Plaintiff and against Defendant as to each of the above Counts;

9.      That the Court award Plaintiff the costs, including attorneys' fees, and an assessment of interest;

10.     That the Court award Plaintiff's damages on the common law causes of action;

11.     That the award of Plaintiff's damages and/or Defendant's profits be trebled as a result of Defendant's willful and deliberate infringement of Plaintiff's rights;

12.     That the Court finds this case to be exceptional;

13.     That Plaintiff be awarded punitive damages for Defendant's willful and deliberate, unlawful injurious acts complained of herein; and

14.     That Plaintiff be awarded such other relief as this Court deems just and proper.

999998.04487/135088802v.2

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.


Dated: <u>April 11, 2024</u>                    By: <u>/s/ *Timothy D. Pecsenye*</u>
                                                      Timothy D. Pecsenye (PA ID 51339)
                                                      Timothy J. Miller (PA ID 333879)
                                                      Blank Rome LLP
                                                      One Logan Square
                                                      130 North 18th Street
                                                      Philadelphia, PA 19103
                                                      Telephone: 215-569-5500
                                                      Facsimile: 215-689-3424
                                                      <<u>pecsenye@blankrome.com</u>>
                                                      <<u>timothy.miller@blankrome.com</u>>

21